UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60224-CIV-COHN/SELTZER

SPRINT SOLUTIONS, INC. and SPRINT
COMMUNICATIONS COMPANY, L.P.,

 Plaintiffs,

v.

KEDNER FILS-AMIE and PAUL FILS-AMIE,
JR., individually and d/b/a WE BUY PHONES,

 Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Kedner Fils-Aime's Motion to Dismiss Plaintiffs' Amended Complaint [DE 23] and Defendant Paul Fils-Aime, Jr.'s Motion to Dismiss Plaintiffs' Amended Complaint [DE 32]. The Court has reviewed the Motions, Defendants' Responses, and the record in this case, and is otherwise advised in the premises. For the following reasons, the Court will deny the Motions.

### I. BACKGROUND

In this case, Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company, L.P. (collectively "Sprint") allege that Defendants Kedner Fils-Aime ("Kedner") and Paul Fils-Aime, Jr. ("Paul") carried out a scheme of unlawfully obtaining, modifying, and reselling wireless telephones sold by Sprint ("Sprint Phones"). Sprint contends that Defendants' scheme has caused it reputational and business harms, and violates numerous federal laws, including the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and various criminal statutes. See generally DE 14 ("Amended Complaint") ¶¶ 55–177. On this basis, Sprint has asserted 14 causes of action against Defendants seeking both

damages and injunctive relief. Defendants have responded with two substantially identical motions seeking dismissal of the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See DE 23 & 32.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a court shall grant a motion to dismiss where the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must give a defendant fair notice of the plaintiff's claims and the grounds upon which they rest. Id. Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. A well-pled complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556 (internal quotation marks omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

## III. ANALYSIS

Defendants' Motions hint that the Amended Complaint is fatally flawed in countless ways. Defendants do not develop the bulk of their criticisms, and rather focus

on one core argument: that the Amended Complaint does not give each Defendant notice of the allegations against him because it refers to Kedner and Paul together as "Defendants." However, Sprint's use of the term "Defendants" is an acceptable method of pleading that Kedner and Paul each engaged in the alleged misconduct, and does not offend the applicable pleading standard. The Court also rejects Defendants' less-developed arguments that Sprint proceeds on flawed legal theories and has failed to plead facts or produce evidence to support its claims. Therefore, the Court will deny the Motions.

### A. Sprint's Reference to Defendants as "Defendants" Does Not Require Dismissal of the Amended Complaint

In the Amended Complaint, Sprint alleges that Kedner and Paul, individually and doing business as We Buy Phones, engaged in unlawful and deceptive business practices involving the resale of Sprint Phones. In each of the Amended Complaint's 14 causes of action, Sprint alleges that each Defendant perpetrated these wrongs, often acting together. When referring to Kedner and Paul together, Sprint has used the term "Defendants." See Am. Compl. ¶¶ 55–177.

Defendants argue that Sprint's use of the term "Defendants" turns the Amended Complaint's allegations into "group allegations" that cannot satisfy the pleading standard set forth in Twombly, 550 U.S. 544. Defendants contend that a complaint must contain "specific facts supporting each allegation against each defendant individually." DE 23 at 6–7; DE 32 at 6–7. Defendants conclude that because allegations about "Defendants'" conduct are not allegations against each individual Defendant, Sprint's use of the term "Defendants" requires dismissal of the Amended Complaint.

3

However, a plaintiff may plead claims against multiple defendants by referring to them collectively, for example by referring to a group of defendants as "defendants." See Crowe v. Coleman, 113 F.3d 1536, 1539 (11th Cir. 1997). These collective allegations are construed as applying to each defendant individually. Id. The practice only runs afoul of the applicable pleading standard where it results in a complaint that fails to give each defendant notice of the claims against it. See Frazier v. U.S. Bank Nat'l Ass'n, No. 11-8775, 2013 U.S. Dist. LEXIS 45330 at *10–12 (N.D. Ill. Mar. 29, 2013) (holding that group pleading did not render complaint infirm where complaint provided fair notice of claims).

Collective references to defendants most often create problems when broad allegations are directed at a large and diverse group of defendants, leaving unclear just who is alleged to have committed which acts. See Pierson v. Orlando Reg'l Healthcare Sys., Inc., 619 F. Supp. 2d 1260, 1271–74 (M.D. Fla. 2009) (requiring repleader where plaintiff used single defined term to refer to numerous individual doctors and business entities, and alleged varying involvement in complex peer-review process as to entire group), aff'd, 451 F. App'x 862 (11th Cir. 2012) (per curiam). But here, Sprint alleges that two individuals—Kedner and Paul—participated in conduct relevant to each claim. When Sprint alleges that Kedner and Paul each engaged in an act, or acted together, it refers to Kedner and Paul collectively as "Defendants." On the other hand, where Sprint alleges independent conduct by only one Defendant, Sprint refers to that Defendant separately by name. See Am. Compl. ¶ 42 (alleging purchase by Paul of Sprint Phone); id. ¶ 44 (alleging statements by Kedner regarding efforts to buy Sprint Phones). In these circumstances, Sprint's use of the term "Defendants" does not deprive Defendants of

4

fair notice of the conduct attributed to them; instead, it simply signals that Defendants are both alleged to have participated in the conduct at issue. The Court thus rejects Defendants' contention that Sprint's use of the term "Defendants" in the Amended Complaint requires dismissal.

### B. Defendants' Miscellaneous Legal Arguments in the "Facts" Sections of the Motions Do Not Warrant Dismissal

After a brief introduction, the body of each Motion begins with a section entitled "Facts." DE 23 at 2; DE 32 at 1. The "Facts" section, however, is not the usual recitation of the facts of a case that often precedes a brief's argument section. Instead, within the space of a single paragraph, the Facts section devolves into an argumentative, rambling, and—most importantly—unsupported enumeration of the many supposed faults of Sprint's case.

For example, Defendants argue that "Sprint is attempting to gain unjust enrichment by selling their device to customers getting the purchase price for the device itself then maintain a possessory interest over the device because the phone is branded as a 'Sprint' device." DE 23 at 3; DE 32 at 2–3. Defendants appear to contend that Sprint should not have any say in the post-sale use or resale of its products. However, Defendants cite to no legal authority regarding why this argument requires dismissal.

Defendants also suggest that Sprint misunderstands the importance of a "bad ESN." DE 23 at 4; DE 32 at 4. An "ESN" is an electronic serial number assigned to a mobile telephone. Am. Compl. ¶ 44. In the Amended Complaint, Sprint alleges that a Sprint Phone identified as connected with fraud or theft will be flagged as having a "bad ESN" that precludes it from being legitimately activated on Sprint's network. Id. Sprint maintains that Defendants' willingness to purchase Sprint Phones with bad ESNs is

5

evidence of their alleged phone-trafficking scheme, because it indicates that Defendants intended to do something with the Sprint Phones other than activate them on Sprint's network. Id. Defendants counter that "in fact a 'bad ESN' phone has SEVERAL other meaning[s] and does not preclude it from being resold. This lack of definition and understanding by Sprint removes several of the claims from consideration because the devices and actions are no longer supported based on the correct definitions." DE 23 at 4; DE 32 at 4. Again, Defendants provide no authority as to why Sprint's purported misunderstanding of ESNs requires dismissal of unspecified claims in the Amended Complaint.

On a Rule 12(b)(6) motion to dismiss, "[t]he moving party bears the burden to show that the complaint should be dismissed." Mendez-Arriola v. White Wilson Med Ctr. PA, No. 09-495, 2010 U.S. Dist. LEXIS 95091 at *10 (N.D. Fla. Aug. 25, 2010). The movant must support its arguments for dismissal with citations to legal authority. S.D. Fla. L.R. 7.1(a)(1). Where a defendant seeking dismissal of a complaint under Rule 12(b)(6) does not provide legal authority in support of its arguments, it has failed to satisfy its burden of establishing its entitlement to dismissal. See Super. Energy Servs., LLC v. Boconco, Inc., No. 09-0321, 2010 U.S. Dist. LEXIS 30196 at *13–16 (S.D. Ala. Mar. 26, 2010); United States v. Vernon, 108 F.R.D. 741, 742 (S.D. Fla. 1986).

In the Facts section of each Motion, Defendants have catalogued many reasons they believe Sprint's lawsuit should fail. Defendants, however, have not directed the Court to any legal authority in support of their oft-confusing arguments for dismissal. Defendants therefore have failed to meet their burden of establishing that the points raised in the Facts section warrant dismissal.

6

### C. Sprint Has Pled Its Claims with Sufficient Factual Detail and Need Not Produce Evidence at This Time

In the Argument section of each Motion relating to the issue of group pleading, Defendants have also scattered a handful of miscellaneous points relating to other purported failures of Sprint's factual allegations. Defendants suggest broadly that Sprint has failed to allege facts supporting the elements of each of its claims. Defendants assert that "[t]he conclusory nature of the allegations in this case are entitled to no deference and do not satisfy Sprint's burden to plead sufficient factual allegations for each mandatory element of the fourteen causes of action." DE 23 at 8; DE 32 at 7. Defendants continue that "Sprint alleges zero facts to support allegations o[f] a conspiracy nor a 'Bulk trafficking scheme'" by either Defendant. DE 23 at 8; DE 32 at 7–8.

But Sprint's Amended Complaint, as a whole, is a relatively clear and unremarkable pleading, containing ample factual allegations of Defendants' acts and the nature of their alleged scheme to resell Sprint Phones to support each claim. To recite just a few of the Amended Complaint's factual allegations, Sprint alleges that Defendants: unlawfully purchased Sprint Phones, disabled them, and resold them for use on other wireless networks (Am. Compl. ¶ 56); trafficked in Sprint's confidential codes stored on Sprint Phones (id. ¶¶ 107–08); unlocked Sprint Phones with assistance from Sprint by making misrepresentations to Sprint (id. ¶ 135); and sold altered or counterfeited phones as Sprint Phones (id. ¶ 155). Defendants' contentions that all of Sprint's allegations uniformly fail as conclusory or that Sprint "alleges zero facts" to support allegations of a phone-trafficking conspiracy fall flat.

7

Defendants also assert that Sprint has failed to allege that Defendants' actions harmed it in any way. DE 23 at 6; DE 32 at 6. But Sprint's Amended Complaint is replete with allegations of reputational and business injuries it has suffered as a result of Defendants' practice of obtaining, modifying, and reselling Sprint Phones. See, e.g., Am. Compl. ¶¶ 46–51. Defendants' suggestion that Sprint has failed to allege injury is meritless.

Defendants further deride the probative value of some of Sprint's factual allegations. For example, Defendants point out that "[Sprint] offers as fact [an] unauthenticated text message exchange arranging a legal sale of one device." DE 23 at 8; DE 32 at 7. Presumably, Defendants mean to imply that the text message, which the Amended Complaint attributes to Kedner (Am. Compl. ¶ 41 & Ex. E), was either fabricated or sent by someone other than Kedner. However, at the pleading stage, the Court must take each of Sprint's factual allegations as true. See Twombly, 550 U.S. at 555. Therefore, any suggestion by Defendants that Kedner did not send the text message at issue does not justify dismissal.

On a related note, Defendants argue throughout their papers that this case should be dismissed because the Amended Complaint's allegations lack evidentiary support. See, e.g., DE 23 at 3; DE 32 at 4. But a Rule 12(b)(6) motion to dismiss tests the sufficiency of the pleadings, and whether a plaintiff should later be permitted to offer evidence in support of its claims. Twombly, 550 U.S. at 563 n.8. At this early stage of litigation, a plaintiff must only satisfy the applicable pleading standard, and need not come forward with evidence. See Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1298–99 (11th

Cir. 2007). Therefore, even were Defendants correct that Sprint has no evidence to back up its claims, the lack of evidence would not require dismissal.

### IV.  CONCLUSION

In sum, Sprint's reference to Kedner and Paul collectively as "Defendants" in the Amended Complaint does not require dismissal of this action. Nor does the Court find Defendants' remaining arguments for dismissal persuasive. It is accordingly

**ORDERED AND ADJUDGED** that Defendant Kedner Fils-Aime's Motion to Dismiss Plaintiffs' Amended Complaint [DE 23] and Defendant Paul Fils-Aime, Jr.'s Motion to Dismiss Plaintiffs' Amended Complaint [DE 32] are **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 12th day of September, 2014.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF