## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No: 14-Civ.-60224-Cohn/Seltzer

| | |
|---|---|
| SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| KEDNER FILS-AMIE and PAUL FILS-AMIE, JR., individually and d/b/a WE BUY PHONES, | ) ) ) ) |
| Defendants. | ) ) |

## <u>MOTION TO DEEM ADMITTED ALL SPRINT'S FACTUAL ALLEGATIONS</u>

Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company L.P. ("Sprint" or "Plaintiffs"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 8(b)(6), 12(a)(4)(A) and S.D. Fla. Local Rule 56.1(b), hereby move for an order holding that all factual allegations in the Amended Complaint and all statements in Sprint's Statement of Undisputed Material Facts are deemed admitted by Defendants Kender Fils-Amie and Paul Fils-Amie, individually and d/b/a We Buy Phones, (collectively, "Defendants").

### A.    DEFENDANTS FAILED TO FILE AN ANSWER.

Defendants filed two Motions to Dismiss the Amended Complaint [DE 23 & 32], both of which were denied by Order entered on September 12, 2014.  [DE 66].  Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendants were required to file a responsive pleading within fourteen (14) days following the Court's Order denying the motions to dismiss, which was September 26, 2014. Because Defendants have not filed an answer as required by the Rules, the factual allegations in Sprint's Amended Complaint should be deemed admitted.

"Under Federal Rule Civil Procedure 8(b), parties 'must . . . admit or deny the allegations asserted against it by an opposing party.'" *Ashley v. Jaipersaud*, 544 F. App'x 827, 828 (11th Cir. 2013) (quoting Fed. R. Civ. P. 8(b)(1)).  Failure to so respond shall result in the allegations being deemed admitted for all purposes except quantification of damages.  FED. R. CIV. P. 8(b)(6) ("[a]n allegation other than one relating to the amount of damage—is admitted if a responsive pleading is required and the allegation is not denied."); *see also Sinclair Ref. Co. v. Howell*, 222 F.2d 637, 639 (5th Cir. 1955)[1] (holding that, by failing expressly to deny an allegation, the defendant admitted that allegation), *cited in Ashley*, F. App'x at 828; *Latimore v. Gateway Retrieval, LLC*, No. 1:12-CV-00286-TWT, 2013 WL 791258, at *1 (N.D. Ga. Feb. 1, 2013) *report and recommendation adopted*, No. 1:12-CV-286-TWT, 2013 WL 791308 (N.D. Ga. Mar. 4, 2013) ("'By failing to submit an answer or other pleading denying the factual allegations of Plaintiff's complaint, Defendant admitted those allegations, thus placing no further burden upon Plaintiff to prove its case factually.'" (quoting *Burlington Northern R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996))).

In *Ashley*, a case directly on point, the Eleventh Circuit held:  "When, as here, a responsive pleading is required and an 'allegation is not denied,'—i.e., the party does not 'fairly respond to the substance of the allegation'—such allegation 'is admitted.'"  *Id.* at 828-89 (quoting Fed. R.Civ. P. 8(b)(2) & (6)).  In *Ashley*, the Court held that defendant admitted all of the plaintiff's factual allegations by failing to file an answer to the *amended* complaint notwithstanding that the defendant answered the *original* complaint—which is exactly the situation here.  *See also Arnold v. Afflerbach*, No. CIV.A. 10-CV-5742, 2012 WL 993706, at *1

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

(E.D. Pa. Mar. 26, 2012) (accepting as true all allegations in the complaint pursuant to Fed. R. Civ. P. 8(b)(6), because defendants did not file an answer after denial of motion to dismiss).

More than twenty-seven (27) days have passed since the Court denied Defendants' motions to dismiss the Amended Complaint, and Defendants have not filed a responsive pleading denying the allegations contained in the Amended Complaint. *See Strother v. Hylas Yachts, Inc.*, No. 12-80283-CV, 2012 WL 4531357, at *2 (S.D. Fla. Oct. 1, 2012) (taking judicial notice of Court's own docket to confirm the time and date of a particular filing). Accordingly, Defendants' have admitted all factual allegations in the Amended Complaint, other than those relating to the amount of damages, because they have failed to file a responsive pleading within the time required by Fed. R. Civ. P. 12(a)(4)(A).

**B.      DEFENDANTS FAILED TO RESPOND TO SPRINT'S SUMMARY JUDGMENT MOTION.**

In addition to their failure to file an answer, Defendants also failed to respond to Sprint's Motion for Partial Summary Judgment [DE 45], which was filed August 22, 2014. The seventeen (17) day deadline for responding to that Motion has long since passed. *See* S.D. Fla. 7.1(c)(1)(A).

As this Court has previously recognized, "Failure to controvert a fact alleged by the movant [in a summary judgment motion] and supported by the record results in the same being deemed admitted." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 606 F. Supp. 2d 1376, 1380 (S.D. Fla. 2009) *aff'd*, 662 F.3d 1292 (11th Cir. 2011) (deeming a material fact asserted in summary judgment motion to be admitted because it was not controverted in the non-movant's statement of facts) (citation omitted).[2] This result is also required by the Local Rule 56.1(b): "Effect of Failure to Controvert Statement of Undisputed Facts. All material facts set forth in the

---

[2] The Court cited to L.R. 7.5D, which has since been renumbered as L.R. 56.1. *See* L.R. 56.1, *cmt* (2011).

movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record."  *See also Nagpal v. Hill*, No. 12-CV-21495, 2014 WL 4954130, at *3 (S.D. Fla. Oct. 2, 2014) (deeming admitted all material facts asserted by the movant because they were not controverted by the non-movant); *Sunderland Mut. Marine Ins. Co. v. Comastro*, 13-80415-CIV, 2014 WL 60015, at *3 (S.D. Fla. Jan. 7, 2014) ("Accordingly, because Plaintiff failed to controvert Sunderland's Statement of Undisputed Material Facts and because Sunderland's facts are supported by evidence in the record, in accordance with Southern District of Florida Local Rule 56.1, Sunderland's facts are deemed admitted by Comastro."); *Joseph v. Napolitano*, 839 F. Supp. 2d 1324, 1329 (S.D. Fla. 2012) ("Because Plaintiff did not contradict Defendant's statement of undisputed material facts and because Defendant's statements are supported by evidence in the record, the facts alleged in the defendant's statement are deemed admitted.").

The undisputed material facts set forth in Sprint's Summary Judgment Motion are supported by evidence in the form of declarations from Sprint's representative and investigators, advertisements posted by Defendants, and Defendant Kedner Fils-Amie's deposition transcript, all of which have been filed with the Clerk.  [DE 45-1 through 45-6].  Defendants have failed to controvert any of the undisputed material facts set forth in Sprint's Summary Judgment Motion, and they should be deemed admitted and summary judgment should be entered in Sprint's favor.

C.    DEFENDANTS' ONGOING MISCONDUCT WARRANTS DEEMING FACTS ADMITTED.

Defendants and their counsel have attempted at every turn to avoid complying with their obligations in this case and to delay and obfuscate.  Sprint outlined some of Defendants' misconduct in two sanctions motions [DE 41, 59], which were denied by the Court without

prejudice following a hearing on September 3, 2014.  [DE 63].  Defendants' misconduct has continued since that hearing, and Sprint is preparing to file a renewed motion for sanctions. Defendants should not be permitted to continue to delay and ignore this case with impunity, and their willful failure to participate in the litigation justifies deeming admitted the facts asserted in the Amended Complaint and Motion for Summary Judgment.

WHEREFORE, Sprint respectfully requests that the Court order that Defendants Kedner Fils-Amie and Paul Fils-Amie, individually and d/b/a We Buy Phones, have admitted all factual allegations in the Amended Complaint and in Sprint's Statement of Undisputed Material Facts in support of its Motion for Partial Summary Judgment, and grant any other relief the Court deems appropriate.

Respectfully submitted on October 10, 2014.

By:  */s/ James B. Baldinger*
James B. Baldinger
Florida Bar No. 869899
Email: jbaldinger@CFJBLaw.com
Stacey K. Sutton
Florida Bar No. 0289530
Email: ssutton@CFJBLaw.com
CARLTON FIELDS JORDEN BURT, P.A.
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida  33401
Phone: (561) 659-7070
Fax: (561) 659-7368

Gail E. Podolsky
Georgia Bar No. 142021
*Admitted pro hac vice*
Email: gpodolsky@CFJBLaw.com
CARLTON FIELDS JORDEN BURT, P.A.
One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309
Phone: (404) 815-2714

Fax: (404) 815-3415

*Attorneys for Sprint Solutions, Inc. and
Sprint Communications Company L.P.*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on October 10, 2014 a true and correct copy of the foregoing

was electronically filed with the Clerk of Court using CM/ECF, which will send notification to

the registered attorney(s) of record that the documents have been filed and are available for view

and downloading.


By: */s/ James B. Baldinger*
James B. Baldinger
Attorney for Plaintiffs