**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No: 14-Civ.-60224-Cohn/Seltzer

| | |
|---|---|
| SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| KEDNER FILS-AMIE and PAUL FILS-AMIE, JR., individually and d/b/a WE BUY PHONES, | ) ) ) ) |
| Defendants. | ) |

**MOTION TO STRIKE DEFENDANTS' IMPROPER AND**
**UNTIMELY ANSWER AND AFFIRMATIVE DEFENSES**

Plaintiffs, Sprint Solutions, Inc. and Sprint Communications Company L.P. (collectively "Sprint" or "Plaintiffs"), pursuant to FED. R. CIV. P. 12(f) and 6(b)(1) and S.D.Fla. L.R. 7.1(c) and 5.1(b), move to strike the improper and untimely Answer and Affirmative Defenses [DE 78] (hereinafter the "Answer") filed by Defendants Kedner Fils-Amie and Paul Fils-Amie, Jr., individually and d/b/a We Buy Phones (collectively "Defendants").

**BACKGROUND**

By Order entered on September 12, 2014 [DE 66], the Court denied Defendants' motions to dismiss, which, pursuant to FED. R. Civ. P. 12(a)(4)(A), required Defendants to file an answer by September 26, 2014. After Defendants failed to timely file an answer, or to request an extension for doing so, Sprint filed a Motion to Deem Admitted All Sprint's Factual Allegations, which requests that the Court enter judgment in favor of Sprint (hereinafter "Motion to Deem Facts

Admitted"). [DE 68]. Under the guise of filing a response[1] to the Motion to Deem Facts Admitted, Defendants instead filed their answer and affirmative defenses to the Complaint on October 23, 2014. [DE 78].

Defendants did not seek, and were not granted, leave of Court to file their Answer late pursuant to Fed. R. Civ. P. 6(b)(1)(B). The document filed by Defendants does not respond to any of the assertions in Sprint's Motion to Deem Facts Admitted, and it contains no memorandum of law (nor any citation to any legal authority whatsoever), so it is not an appropriate opposing memorandum of law under S.D. Fla. L.R. 7.01(c). Regardless of whether the Answer is considered a response to Sprint's motion or an answer to Sprint's complaint, it is improper and must be stricken.

## MEMORANDUM OF LAW

### I.     THE COURT CANNOT ACCEPT DEFENDANTS' LATE FILED ANSWER.

Defendants were required, under FED. R. CIV. P. 12(a)(4)(A), to file their answer by September 26, 2014. After missing the filing deadline, the Court could only extend the time for Defendants to answer for "good cause . . . on motion . . . if the [Defendants] failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B); *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990) ("[A]lthough extensions before expiration of the time period may be 'with or without motion or notice,' any *post* deadline extension must be 'upon motion made,' and is

---

[1] Defense counsel deceptively entered the title of the Answer in CM/ECF as "RESPONSE to Motion re [68] Plaintiff's MOTION for Judgment as a Matter of Law To Deem Admitted All Sprint's Factual Allegations." [DE 78]. The typewritten title on the Answer itself says "DEFENDANT'S RESPONSES TO PLAINTIFFS AMENDED COMPLAINT," and the first paragraph of the document and subheadings use the terms "Answer" and "Affirmative Defenses." Counsel's misrepresentation of the Answer as a response to Sprint's motion violates Section 3(L)(1) of the Court's CM/ECF Administrative Procedures, which makes the party filing a document responsible for designating the appropriate docket entry title.

permissible only where the failure to meet the deadline 'was the result of excusable neglect.'") (emphasis in original).

Defendants have not filed any motion seeking an extension of time to answer and they have made no effort to demonstrate "good cause" or "excusable neglect." Accordingly, it is improper for the Court to accept Defendants' untimely Answer. *See Lujan*, 497 U.S. at 896; *Rounds v. Michigan*, No. 2:11-CV-12810, 2012 WL 2680825, at *2 (E.D. Mich. July 6, 2012) (disregarding untimely filing where no request for extension was made pursuant to Rule 6(b)(1)(B)); *Smith v. District of Columbia*, 430 F.3d 450, 456 (D.C.Cir.2005) (abuse of discretion to entertain late filing when no motion to extend deadline had been filed); *Houey v. Carolina First Bank*, 890 F. Supp. 2d 611, 617-18 (W.D.N.C. 2012), *appeal dismissed* (Nov. 28, 2012) (disregarding untimely filing where the plaintiffs failed to move for an extension pursuant to Rule 6(b)(1)(B) and plaintiffs had previously disregarded the court's orders and ordinary procedures). Further, the Court may not itself move to extend the deadline for Defendants. *Gaskins v. BFI Waste Servs., LLC*, 281 F. App'x 255, 259 (4th Cir.2008) ("After the . . . deadline had expired, the district court was not empowered, under the plain terms of Rule 6(b)(1), to extend that deadline on its own motion. Rather, the court was only empowered to grant such an extension under Rule 6(b)(2), upon a motion being made by the plaintiffs that was supported by a showing of excusable neglect.").

Defendants' untimely filing of their Answer is improper and must be stricken from the Court's docket.

II.     **DEFENDANTS' HAVE NO BASIS TO SEEK AN EXTENSION TO ANSWER.**

Even if Defendants had filed a motion for extension of time to answer, they could not satisfy the requirement to demonstrate their tardiness was the result of excusable neglect, as

required by Rule 6(b)(1)(B). The Eleventh Circuit has explained that the standard for determining whether a late filing was the result of "excusable neglect" is set forth by the Supreme Court in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993):

> In *Pioneer*, the Supreme Court held that when analyzing a claim of excusable neglect, courts should "tak[e] account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration.

*Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996), *quoting Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1498, and *citing Cheney v. Anchor Glass Container Corp.,* 71 F.3d 848, 850 (11th Cir.1996). Applying *Pioneer* to Defendants' situation (assuming they had actually filed a motion for extension of time), it is clear that no excusable neglect exists to warrant permitting the late filing of their answer.

    **A.**    **SPRINT WOULD BE PREJUDICED BY ALLOWING DEFENDANTS' LATE-FILED ANSWER.**

Defendants' Answer is inconsistent with positions taken by Defendants in discovery, and is clearly nothing more than another attempt to obfuscate, confuse, and delay this case. Allowing the Answer to be filed would require Sprint to file additional motions to address Defendants' legally improper and untrue statements and positions.

    **1. Defendants' Answer Contradicts Their Discovery Responses.**

For example, paragraph 44 of Sprint's Amended Complaint [DE 14] contains allegations about the meeting that occurred between Paul Fils-Amie and one of Sprint's undercover investigators on November 12, 2013. In their Answer, Defendants flatly deny this entire

paragraph without qualification.  *See* [DE 78, at ¶ 44].  However, in his unsigned response to Interrogatory No. 3, Paul admitted engaging in a "communication" with a "Sprint Investigator," in November 2013 "regarding sale and purchase of phones."  *See* Sprint's Interrogatories and Paul's responses, No. 3, attached hereto as **Composite Exhibit A** (hereinafter "Comp. Ex. A., No. __").  At some point between September 10, 2014, when Paul's interrogatory responses were served, and September 19, 2014, when Paul's deposition was taken, Paul evidently suffered from an episode of memory loss.  Paul testified that he was not able to recall whether he engaged in the above referenced communication, even after being presented with a copy the text messages to which he could refer.[2]  *See* Deposition of Paul Fils-Amie, Jr., at pp. 107-111, Exhibit 8 (hereinafter "P. Fils-Amie Depo., at p. __"), attached hereto as **Exhibit B** (Paul was uncooperative and unwilling to refer to the document when directed to do so by counsel in reference to specific questions).  Thus, on just this one point, Defendants' Answer perpetuates their obfuscation and misconduct – they first admit the communication with the investigator occurred, then feign memory failure, and ultimately deny the fact in their Answer.

Defendants' Answer also perpetuates their inconsistent positions on another central allegation in the Complaint, that Paul met Sprint's investigator at the El Palacio Hotel in Miami Gardens, Florida and purchased "a new Sprint iPhone 4S, IMEI # 99000192637295 for $240 cash," and "told the investigator that Defendants would resell the new Sprint iPhone overseas." [DE 14 at ¶ 42].  Defendants admit the truth of this allegation without qualification in their Answer [DE 78, at ¶ 42] and in response to Sprint's requests for admission.  *See* Sprint's Requests for Admission No. 18, and Paul's responses, attached hereto as **Composite Exhibit C** (hereinafter "Comp. Ex. C, No. __").  At his deposition, Paul admitted to engaging in the

---

[2] As set forth in Sprint's Renewed Motion for Sanctions, Paul was transparently feigning memory loss with respect to a wide range of topics.  *See* [DE 70].

transaction with Sprint's investigator, but claimed that he purchased *two* "very much used" phones that were "pretty banged up," rather than *one new* Sprint phone as alleged in the complaint and admitted in the Answer.  *See* P. Fils-Amie Depo., at p. 155.  To further confuse the issue, in response to Sprint's Requests for Admission Nos. 4-5, Paul denies without qualification that he has ever acquired and sold Sprint Handsets or Sprint Products.  *See* Comp. Ex. C. Nos. 4-5.

Paul refused to clarify these conflicting responses when he had the opportunity to do so.  Paul did not, for example, answer Sprint's Interrogatory No. 13, in which he was asked to disclose all facts and evidence supporting any Requests for Admission that were denied.  *See* Comp. Ex. A. No. 13.  Paul also refused to answer Sprint's Interrogatory No. 11, in which Paul was asked to identify all of his transactions in Sprint Products.  *See* Comp. Ex. A. No. 11.  If Paul had answered either or both of these interrogatories, he could have explained the evident contradictions that exist among his discovery responses and between his discovery responses and Defendants' Answer.

Defendants are playing hide-the-ball with respect to material allegations.  Defendants have successfully stymied Sprint's discovery attempts, and are now using their Answer to perpetuate a shell game in which Sprint and this Court are left to guess which, if any, of the assertions made by Defendants is actually true.  The prejudice caused by Defendants' ongoing misconduct can only be remedied by entry of judgment in favor of Sprint, and Defendants' Answer must be stricken.

### 2. Defendants' Affirmative Defenses Are Improper.

Sprint will also be prejudiced by having to move to strike Defendants' affirmative defenses they assert in the Answer, none of which has any merit. The only defenses raised by Defendants are the following:

1. Lack of Subject Matter Jurisdiction  Plaintiff alleges in starting paragraph 31-33 the Defendant's alleged actions are subject to "Terms and Conditions". The Terms and conditions specifically state that any issues arising between the parties of the Terms and Conditions are subject to arbitration.
2. Plaintiffs' failed to properly serve Defendant Kedner Fils-Aime the original complaint the proof of service should be stricken.
3. Plaintiffs'' fail to state a claim upon which relief can be granted.
4. Plaintiffs' claims are barred by laches.
5. Plaintiffs have failed to mitigate, minimize or otherwise avoid damages which they have allegedly sustained.
6. Defendants did not authorize any third party to purchase Sprint cellular phones or other equipment directly from the Plaintiffs.
7. Upon information and belief, Plaintiffs' trademark claims are barred by the doctrine of trademark misuse because Plaintiffs are attempting to use their alleged trademark to deter and prevent Defendants herein from competing in the marketplace.

[DE 78, at pp. 6-7] (punctuation and grammatical mistakes in original).

None of these defenses has any merit whatsoever. Defendants' first defense is contrary to law. "While valid arbitration clauses are to be enforced under the Federal Arbitration Act, 9 U.S.C. § 3, they do not oust district courts of their jurisdiction." *Tracfone Wireless, Inc. v. Blue Ocean's Distrib., LLC*, 616 F. Supp. 2d 1284, 1285 (S.D. Fla. 2009). Moreover, Defendants' have not requested that the Court compel arbitration and Defendants have now waived the right to do. *See Morewitz v. W. of England Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995) ("Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party.").

In their second affirmative defense, Defendants' assert that Sprint failed to properly serve Kedner with the *original* Complaint.  On that basis, Defendants ask that the proof of service be stricken from the record.  Defendants have waived this defense as well, and in any event, the striking proof of service from the record would not be the appropriate relief to seek if service had been improper.  Further, striking the proof of service regarding the *original* Complaint from the record would not relieve Defendants' from liability under the *Amended* Complaint, which they do not assert was improperly served.  The proper method of attacking service would have been to file a motion to dismiss for insufficient service of process under FED. R. Civ. P. 12(b)(5).  However, by omitting that argument in their motions to dismiss, which have now been denied by the Court, Defendants have waived that defense.  *See* FED. R. Civ. P. 12(h)(1); *see also Hernandez v. Art Deco Supermarket*, No. 13-20705, 2013 WL 3834398, at *1 (S.D. Fla. July 24, 2013). ("The 11th Circuit has interpreted Rule 12(h)(1) to mean 'a party is deemed to have waived any objection to personal jurisdiction or service of process if the party makes a pre-answer motion under Rule 12 and fails to include such objections in that motion.'" *quoting Pardazi v. Cullman Med. Ctr.*, 896 F.3d 1313, 1317 (11th Cir.1990)).

Affirmative defenses three through five, and seven, are all boilerplate conclusory statements of legal doctrines and, therefore, are subject to being stricken on that basis alone. *Nash v. O.R. Colan Grp., LLC*, No. 12-60759-CIV, 2012 WL 4338817, at *1 (S.D. Fla. Sept. 20, 2012) (Cohn, J.) ("An affirmative defense must be stricken when the defense comprises no more than bare-bones, conclusory allegations."); *see also Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the

plaintiff's valid *prima facie* case. Therefore, it is not properly asserted as an affirmative defense.").

Defendants' sixth affirmative defense is simply an assertion that "Defendants did not authorize any third party to purchase Sprint cellular phones or other equipment *directly* from the Plaintiffs." (Emphasis added). This is merely the denial of a factual allegation made by Sprint; it is not an affirmative defense. *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense").

### B. THERE IS NO VALID REASON FOR THE DELAY IN ANSWERING

Defendants have not asserted, and likely cannot assert, any legitimate reason for the delay. Defense counsel and Paul attended Paul's deposition on September 19, one week before the answer was due. Neither Paul nor his attorney expressed any need for an extension of time to file the answer, nor did they seem ill or disclose any travel or other obligations that would prevent them from completing the answer during the ensuing week.

Defendants' failure to timely file a responsive pleading is inexcusable. This Court has already warned defense counsel of the consequences for missing deadlines in this case. *See* Omnibus Order [DE 63, at ¶ 5] ("Failure to comply with any of the foregoing deadlines will result in appropriate sanctions, which may include the striking of claims or defenses or the entry of a default judgment.").

The delay in filing Defendants' Answer, which was entirely under the control of Defendants and their counsel, was most likely due to the same factors that motivated their behavior in this case from the beginning: their desire to delay and derail this litigation at all costs, without regard to the Rules, the law, or this Court's authority.

### C. THE DELAY IN ANSWERING WILL ADVERSELY IMPACT THIS CASE

Allowing Defendants' late filed Answer to stand will only serve to further delay this case. As noted above, the inconsistent and improper nature of the substance of the Answer will cause confusion and unnecessarily complicate and broaden the presentation of evidence at trial. The improper nature of each of the affirmative defenses in the Answer will require Sprint to file a motion to strike. Defendants' improper conduct has already caused the Court to remove this case from the trial calendar, and has caused Sprint and the Court to expend time and resources to address the chaos Defendants created. As set forth in Sprint's Renewed Motion for Sanctions, Defendants' misconduct and discovery abuses perpetrated by defense counsel and Defendants have thwarted Sprint's ability to obtain meaningful discovery necessary to proceed with this case. *See generally* [DE 70]. Allowing Defendants' Answer to be filed late would further exacerbate that harm, and the only reasonable outcome at this point is the entry of judgment in accordance with Sprint's motions.

## III. DEFAULT SHOULD BE ENTERED AGAINST DEFENDANTS.

In addition to striking the Answer, the Court should also enter default against the Defendants. *See* Fed. R. Civ. P. 55.

Defendants did not file their Answer until three (3) days after the Court denied defense counsel's motion to withdraw, and improperly designated the Answer as a response to Sprint's Motion to Deem Facts Admitted. Defendants did not seek leave to file an untimely answer based on excusable neglect and made no efforts to explain their tardiness. Under these circumstances, Defendants' late filing evidences willful disregard; not excusable neglect. *Schoenman v. F.B.I.*, 841 F. Supp. 2d 69, 75 (D.D.C. 2012) *reconsideration denied*, 857 F. Supp. 2d 76 (D.D.C. 2012) (where defendant knew the day before the deadline expired that he would need an extension,

defendant evidenced "willful disregard of the Court's process" by waiting for an additional 5 days to request an extension under 6(b)(1)(B)).

Because Defendants have not offered, and cannot offer, any legitimate reason for their delay in answering, it is appropriate to enter default against them. *See, Old Republic Nat. Title Ins. Co. v. S. Lakeland Airport, Inc.*, No. 8:10-CV-2613-T-33AEP, 2011 WL 3475355, at *4 (M.D. Fla. Aug. 9, 2011) ("[W]here a party offers no good reason for the late filing of an answer, entry of default is appropriate and it would be an abuse of discretion to set aside a default judgment where no good reason has been offered for the default.") *quoting Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir.1987); *See also, Voter Verified, Inc. v. Premier Election Solutions, Inc.*, No. 6:09-cv-1968-Orl-19KRS, 2010 WL 1002648, at *3 (S.D. Fla. Mar. 18, 2010) ("[I]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other finding in denying [a motion to set aside default]."). Defendants' default cannot be "cured by the unauthorized filing of an untimely Answer . . . ." *Id.* at *3 (explaining that "[t]he entry of a clerk's default is . . . 'simply an official recognition of the fact that one party is in default,'" *quoting* Wright & Miller 10A Fed. Practice & Proc. § 2962 (3d ed. 2009).

WHEREFORE, Sprint respectfully requests that the Court strike Defendants' untimely Answer, enter default against Defendants for failure to timely file a responsive pleading, and grant any other relief the Court deems appropriate.

Respectfully submitted on October 31, 2014.

By: */s/ James B. Baldinger*
James B. Baldinger
Florida Bar No. 869899
Email: jbaldinger@CFJBLaw.com
Stacey K. Sutton

        Florida Bar No. 0289530
        Email: ssutton@CFJBLaw.com
        CARLTON FIELDS JORDEN BURT, P.A.
        525 Okeechobee Boulevard, Suite 1200
        West Palm Beach, Florida  33401
        Phone: (561) 659-7070
        Fax: (561) 659-7368

        Gail E. Podolsky
        Georgia Bar No. 142021
        *Admitted pro hac vice*
        Email: gpodolsky@CFJBLaw.com
        CARLTON FIELDS JORDEN BURT, P.A.
        One Atlantic Center
        1201 West Peachtree Street, Suite 3000
        Atlanta, Georgia 30309
        Phone: (404) 815-2714
        Fax: (404) 815-3415

        *Attorneys for Sprint Solutions, Inc. and*
        *Sprint Communications Company L.P.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 31, 2014 a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF, which will send notification to the registered attorney(s) of record that the documents have been filed and are available for view and downloading.

        By: */s/ James B. Baldinger*
            James B. Baldinger
            Attorney for Plaintiffs