UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60224-CIV-COHN/SELTZER

SPRINT SOLUTIONS, INC. and SPRINT
COMMUNICATIONS COMPANY, L.P.,

    Plaintiffs,

v.

KEDNER FILS-AMIE and PAUL FILS-AMIE,
JR., individually and d/b/a WE BUY PHONES,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Partial Summary Judgment [DE 45] ("Motion"). The Court has reviewed the Motion and the record in this case, and is otherwise advised in the premises.

**I.   BACKGROUND**

This action arises from Defendants' alleged wrongful alteration and resale of cellular telephones. Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company, L.P. (collectively, "Sprint") allege that Defendants Kedner Fils-Aime ("Kedner") and Paul Fils-Aime, Jr. ("Paul") carried out an unlawful scheme to profit from Sprint's subsidies to its customers. Sprint sells subsidized cellular telephones ("Sprint Phones") to consumers at prices below the cost of the phones. DE 14 (Amended Complaint) ¶ 1. Sprint recoups the subsidies through revenue from the cellular network services it provides in conjunction with the Sprint Phones. Id. ¶ 19. Sprint sells the Sprint Phones subject to numerous terms and conditions which ensure that buyers of

the Sprint Phones use Sprint's services. For example, Sprint requires each Sprint Phone purchaser to activate the device on Sprint's network and pay an early termination fee if he prematurely cancels his service contract. Id. ¶ 33. The terms of service also prohibit resale of the Sprint Phones. Id. ¶ 33.

Sprint alleges that Defendants have conspired to take unlawful advantage of its system of subsidies. Sprint contends that Defendants purchase new Sprint Phones from third parties at prices reflecting Sprint's subsidies, remove the telephones from their original packaging, alter their programming, discard accompanying warranties, accessories, and manuals, and then resell the telephones for use on networks other than Sprint's. Id. ¶ 35. Sprint alleges that this scheme deprives it of the ability to recoup its subsidies over the course of its relationship with its customers. Id. ¶ 46.

To foster consumer recognition, Sprint also uses several registered trademarks in connection with its products and services (the "Sprint Marks"). Id. ¶¶ 27–30. Sprint contends that Defendants' resale of modified Sprint Phones results in unauthorized use of the Sprint Marks that harms its marketplace reputation. Id. On this basis, Sprint has asserted several claims against Defendants, including unfair competition, tortious interference with business relationships, civil conspiracy, unjust enrichment, fraud, and multiple counts of trademark infringement under the Lanham Act, 15 U.S.C. § 1051, *et seq.* Am. Compl. ¶¶ 55–177. In the Motion, Sprint now seeks summary judgment on its claim for unjust enrichment and its claims under the Lanham Act. See DE 45.

## II. LEGAL STANDARD

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial

2

responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that "there is an absence of evidence to support the nonmoving party's case." Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576–77 (11th Cir. 1990). Defendants have not responded to Sprint's Motion for Summary Judgment. The facts and evidence presented by Sprint thus are considered undisputed for purposes of resolving the Motion. See Fed. R. Civ. P. 56(e); S.D. Fla. L.R. 56.1(b); Griffin v. Phil's Auto Body, No. 09-81406, 2010 WL 5393491 at *1 n.2 (S.D. Fla. Dec. 21, 2010). In deciding a summary-judgment motion, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

## III. DISCUSSION

### A. Summary Judgment Will Be Granted on Sprint's Claims for Direct Trademark Infringement, But Not Contributory Infringement

In the Motion, Sprint first argues that it is entitled to summary judgment on its trademark-infringement claims under the Lanham Act, set forth in Counts Eleven through Thirteen of the Amended Complaint. The Court agrees that summary judgment is warranted on Counts Eleven and Twelve, which contain claims of direct trademark infringement by Defendants under 15 U.S.C. §§ 1114(1) and 1125(a). However, Sprint has not provided sufficient evidence to warrant summary judgment on its claim of contributory infringement in Count Thirteen.

To prevail on its infringement claim under 15 U.S.C. § 1114(1) in Count Eleven, Sprint must show that: (1) it possesses a valid mark; (2) Defendants used the mark; (3) Defendants' use of the mark occurred in commerce; (4) Defendants used the mark in connection with the sale or advertising of goods; and (5) Defendants used the mark in a manner likely to confuse consumers. See N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1218 (11th Cir. 2008). The Sprint Marks are registered with the U.S. Patent and Trademark Office (see DE 45-1 ¶¶ 8–9) and thus are presumptively valid. See 15 U.S.C. §§ 1057(b), 1115(a). Defendants used the Sprint Marks in commerce in connection with the sale of altered Sprint Phones. E.g., DE 45-3 ¶¶ 3–4. These facts satisfy the first four elements of Sprint's § 1114(1) infringement claim. See N. Am. Med. Corp., 522 F.3d at 1218.

Sprint has also satisfied the fifth element of its claim by showing that Defendants' use of the Sprint Marks presents a likelihood of confusion. To determine whether a defendant has created a likelihood of confusion, courts within the Eleventh Circuit

consider several factors: (1) the type and strength of the allegedly infringed mark; (2) the similarity of the infringed and infringing marks; (3) the similarity of the products the marks represent; (4) the similarity of the parties' channels of trade and customers; (5) the similarity of the advertising media used; (6) the defendant's intent; and (7) evidence of actual confusion. TracFone Wireless, Inc. v. Pak China Grp. Co., 843 F. Supp. 2d 1284, 1295 (S.D. Fla. 2012) (citing Frehling Enters., Inc. v. Int'l Select Grp., Inc., 192 F.3d 1330, 1335 (11th Cir. 1999)). Here, the Sprint Marks are suggestive or arbitrary in relation to wireless telephone products and services, because they are either unrelated to wireless telephones or services, or do no more than subtly connote the qualities of the telephones or services. See Freedom Sav. & Loan Ass'n v. Way, 767 F.2d 1176, 1182 n.5 (11th Cir. 1985). Therefore, the Sprint Marks are strong and entitled to protection even without proof of having acquired a secondary meaning among consumers. See Safeway Stores, Inc. v. Safeway Discount Drugs, Inc., 675 F.2d 1160, 1165 n.9 (11th Cir. 1982).

Defendants have also used the Sprint Marks to sell altered Sprint Phones appearing identical to the genuine article,[1] and still bearing the Sprint Marks. The use of the intact Sprint Marks reflects a clear intent to capitalize on Sprint's business reputation. See Pak China Grp. Co., 843 F. Supp. 2d at 1296. Where a defendant attempts to leverage a plaintiff's business reputation by selling products appearing

---

[1] The Court notes that though the telephones sold by Defendants may have been sold previously by Sprint, Defendants' substantial alterations to the telephones—such as modification to their programming and removal of accessories, manuals, and warranties—result in a materially different product capable of giving rise to a trademark infringement claim when resold bearing the original Sprint Marks. See Davidoff & CIE, S.A. v. PLD Int'l Corp., 263 F.3d 1297, 1302 (11th Cir. 2001); TracFone Wireless, Inc. v. Anadisk LLC, 685 F. Supp. 2d 1304, 1313–14 (S.D. Fla. 2010)

5

identical to the plaintiff's products, using marks identical to the plaintiff's marks, the potential for confusion is so readily apparent as to support a finding of a likelihood of confusion as a matter of law. See Bentley Motors Ltd. v. McEntegart, 976 F. Supp. 2d 1297, 1311–12 (M.D. Fla. 2013); Coach, Inc. v. Becka, No. 11-371, 2012 WL 5398830 at *3 (M.D. Ga. Nov. 2, 2012); accord Anadisk LLC, 685 F. Supp. 2d at 1313. The Court thus finds that the facts as presented by Sprint and uncontroverted by Defendants establish a likelihood of confusion. See Bentley Motors Ltd., 976 F. Supp. 2d at 1311–12; Anadisk LLC, 685 F. Supp. 2d at 1313. Because Sprint has satisfied each element of infringement under 15 U.S.C. § 1114(1) (see N. Am. Med. Corp., 522 F.3d at 1218–21), it is entitled to summary judgment on Count Eleven.

Sprint must make a similar showing to prevail on Count Twelve of the Amended complaint for trademark infringement under 15 U.S.C. § 1125(a). Sprint must establish (1) that it has valid, enforceable marks and (2) that Defendants' use of the marks was likely to cause confusion or mistake, or to deceive. See Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc., 508 F.3d 641, 647–48 (11th Cir. 2007). As noted above, Sprint has shown that it possesses valid, enforceable trademark rights. Moreover, the likelihood-of-confusion analysis under § 1125(a) is identical to that under § 1114(1). Tana v. Dantanna's, 611 F.3d 767, 773 n.5 (11th Cir. 2010). Sprint's showing of a likelihood of confusion under § 1114(1) thus suffices for its infringement claim under § 1125(a), and Sprint has established that summary judgment on Count Twelve is also warranted.

However, to prevail on Count Thirteen of the Amended Complaint, asserting a claim for contributory trademark infringement (see Am. Compl. ¶¶ 164–70), Sprint must show that Defendants intentionally induced another to infringe the Sprint Marks, or

6

supplied products to someone they had reason to know was engaging in trademark infringement. See Mini Maid Servs. Co. v. Maid Brigade Sys., Inc., 967 F.2d 1516, 1522 (11th Cir. 1992); Slep-Tone Entm't Corp. v. Snappers Bar & Grill, Inc., No. 12-157, 2012 WL 4174864 at *1 (M.D. Fla. Sept. 19, 2012). Sprint has provided virtually no evidence showing infringement of the Sprint Marks by persons other than Defendants. Sprint thus has not shown that the facts, even as uncontroverted by Defendants, support summary judgment on its contributory infringement claim. See Celotex Corp., 477 U.S. at 323.

### B. The Court Will Deny Summary Judgment on Sprint's Unjust Enrichment Claim

Sprint further requests summary judgment on Count Four of the Amended Complaint, which raises a claim for unjust enrichment. See Am. Compl. ¶¶ 78–82. "To prevail on a cause of action for unjust enrichment, a plaintiff must show that: 1) a benefit was conferred on defendant, 2) defendant had knowledge of the benefit conferred, 3) defendant accepted and retained the benefit, and 4) it would be inequitable for defendant to retain the benefit without compensation to the plaintiff." Pak China Grp. Co., 843 F. Supp. 2d at 1302 (citing N.G.L. Travel Assocs. v. Celebrity Cruises, Inc., 764 So. 2d 672, 675 (Fla. 3d DCA 2000)). However, the benefit must be directly conferred by the plaintiff upon the defendant. Extraordinary Title Servs., LLC v. Fla. Power & Light Co., 1 So. 3d 400, 404 (Fla. 3d DCA 2009). Sprint has not provided sufficient evidence regarding the specifics of Defendants' operations and their acquisition of the Sprint Phones to allow the Court to determine as a matter of law that the benefit provided by Sprint—in this case, its subsidies relating to the Sprint Phones (see Am. Compl. ¶ 79)—was conferred by Sprint directly upon Defendants. Accordingly, Sprint's Motion will be denied as it relates to Count Four.

## C. Remedies

Having determined that Sprint is entitled to summary judgment on Counts Eleven and Twelve of the Amended Complaint, the Court turns to the issue of appropriate remedies. In the Motion, Sprint requests both injunctive and monetary relief on its claims.[2] The Court finds that Sprint has established that injunctive relief is appropriate in this case. However, Sprint has not provided evidence regarding the extent of its losses or Defendants' profits to justify judgment on the precise monetary remedy to which it is entitled.

"[A] plaintiff seeking a permanent injunction must demonstrate (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction." Angel Flight of Ga., Inc. v. Angel Flight Am., Inc., 522 F.3d 1200, 1208 (11th Cir. 2008). Applying this standard, the Court determines that Sprint has demonstrated its entitlement to injunctive relief. Defendants' sale of altered telephones bearing the Sprint Marks poses a real threat of consumer confusion, and resulting irreparable harm to Sprint's reputation and goodwill in the marketplace, for which monetary remedies would be inadequate. See Sound Surgical Techs., LLC v. Leonard A. Rubinstein, M.D., P.A., 734 F. Supp. 2d 1262, 1278 (M.D. Fla. 2010). The balance of the hardships also weighs in Sprint's favor. Defendants

---

[2] The Court also notes that in Sprint's proposed Order granting the Motion, Sprint requests the following provision: "Defendants waive any and all rights to challenge the validity of this Final Judgment in this Court or in any other court, and specifically waive their right of appeal from the entry of the Final Judgment." DE 45-7 at 6. Sprint provides no support whatsoever for its suggestion that a district court may prevent appeals of its own orders under circumstances such as these.

have no legitimate interest in profiting from consumer confusion through the sale of altered telephones bearing the Sprint Marks. See Ty, Inc. v. GMA Accessories, Inc., 959 F. Supp. 936, 945 (N.D. Ill.) ("Loss of profits from infringing products warrants little consideration in the balancing of harms analysis."), aff'd, 132 F.3d 1167 (7th Cir. 1997). On the other hand, the likelihood of irreparable harm to Sprint's reputation in the marketplace and the lost profits Sprint suffers as a result of Defendants' acts inflict significant burdens upon Sprint. Finally, the public interest would be promoted by the injunction Sprint seeks, which would prevent consumer confusion in the marketplace. See Davidoff & CIE, S.A., 263 F.3d at 1304.

Sprint may also be entitled to monetary damages on its claims. Under 15 U.S.C. § 1117(a), a plaintiff succeeding on an infringement claim may recover the defendant's profits, any damages it has sustained, and the costs of the action. However, Sprint has provided the Court with no information regarding the extent of Defendants' profits, its own losses, or its costs. The Court therefore is unable to determine at this time the extent of money damages to which Sprint is entitled.

## IV. CONCLUSION

In sum, Sprint has shown that judgment as a matter of law is warranted on its claims for direct trademark infringement. Sprint has also demonstrated the propriety of injunctive relief in this case. However, the Court will deny the Motion as it pertains to Sprint's claims for contributory infringement and unjust enrichment. Further, though 15 U.S.C. § 1117(a) provides for money damages in cases of trademark infringement, Sprint has furnished the Court with insufficient information to determine the extent of its entitlement to damages. The Court therefore will require additional briefing on the issue of damages, and the necessity of related discovery and further proceedings.

The Court also notes that § 1117(a) provides for an award of attorneys' fees to the prevailing party in exceptional cases. Determining whether a case is "exceptional" rests within the Court's discretion. See Dieter v. B & H Indus. of Sw. Fla., Inc., 880 F.2d 322, 329 (11th Cir. 1989). Where the prevailing party is the plaintiff, a finding that a case is exceptional may rest both upon the egregiousness of the infringing conduct (Burger King Corp. v. Pilgrim's Pride Corp., 15 F.3d 166, 168 (11th Cir. 1994)) and litigation misconduct (TE-TA-MA Truth Found.-Family of URI, Inc. v. World Church of the Creator, 392 F.3d 248, 261–63 (7th Cir. 2004)). See also 5 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 30:100 (Westlaw 4th ed. 2014). The facts as alleged and uncontroverted by Defendants[3] and Defendants' vexatious approach to litigation in this action—which includes discovery misconduct at issue in Sprint's (also uncontroverted) Renewed Motion for Sanctions [DE 70] and Defendants' repeated failure to comply with Court deadlines and procedures—suggest that this case is exceptional within the meaning of § 1117(a), justifying an award of attorneys' fees to Sprint. The Court therefore will direct the parties to submit briefs regarding Sprint's entitlement to attorneys' fees under § 1117(a). It is accordingly

---

[3] In addition to failing to respond to the Motion, Defendants have failed to file a timely response to the Amended Complaint. The Court denied Defendants' motions to dismiss the Amended Complaint in this action on September 12, 2014. See DE 66. Defendants' Answer therefore was due no later than September 26, 2014. See Fed. R. Civ. P. 12(a)(4)(A). Defendants failed to file a responsive pleading by this deadline. On October 10, 2014, Sprint thus moved for an order deeming all of its factual allegations admitted. See DE 68. Defendants did not respond to that motion, but instead, on October 23, 2014, filed an untimely Answer and Affirmative Defenses. See DE 78. Though the Court may excuse the untimely filing of a pleading, any request for the extension of a filing deadline after the deadline has passed must be made by motion upon a showing of good cause. Fed. R. Civ. P. 6(b)(1)(B). Defendants have neither sought leave of the Court to file their untimely Answer and Affirmative Defenses, nor have they shown good cause for their delay, thus the document is not properly before the Court, and will be disregarded.

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Partial Summary Judgment [DE 45] is **GRANTED in part and DENIED in part** as follows:

    a. Summary judgment is hereby **GRANTED** in Plaintiffs' favor with regard to Counts Eleven and Twelve of the Amended Complaint [DE 14]; and

    b. summary judgment is **DENIED** with regard to Counts Four and Thirteen of the Amended Complaint.

2. Defendants and their past and present agents, employees, heirs, representatives, beneficiaries, assigns, and all other persons or entities acting or purporting to act for them or on their behalf, are hereby **PERMANENTLY ENJOINED** from:

    a. Purchasing, selling, unlocking, reflashing, altering, advertising, soliciting, or shipping, directly or indirectly, any Sprint Phones, as that term is defined in paragraph 1 of the Amended Complaint;

    b. supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in the purchase or sale of Sprint Phones or hacking, altering, erasing, tampering with, deleting, or otherwise disabling the software installed in Sprint Phones;

    c. engaging in any of the conduct described in the Amended Complaint as the Bulk Handset Trafficking Scheme;

    d. supplying Sprint Phones to, facilitating, or in any way assisting other persons or entities who Defendants know or should know are engaged in

any of the acts prohibited under this Permanent Injunction, including the buying or selling of Sprint Phones;

    e.    contacting Sprint Customer Services lines or Sprint Business Care for the purpose of obtaining Sprint Phones, Sprint products, or Sprint services; and

    f.    knowingly using the Sprint Marks, as that term is defined in paragraph 28 of the Amended Complaint, or any other trademark, service mark, trade name, or trade dress owned or used by Sprint, now or in the future, or that is likely to cause confusion with the Sprint Marks, without Plaintiffs' prior written authorization.

3. No later than **December 23, 2014,** Plaintiffs shall file a brief, with supporting evidentiary materials as necessary, regarding the issue of monetary relief and the status of this action. Plaintiffs should address the following points:

    a.    The extent of monetary damages to which they are entitled and the necessity of further discovery and proceedings on the issue of damages;

    b.    the propriety and amount of an award of attorneys' fees under 15 U.S.C. § 1117(a); and

    c.    the status of this action in relation to the remaining counts of the Amended Complaint for which summary judgment has not been granted.

4. Defendants shall respond to Plaintiffs' above-described brief no later than **January 16, 2015**. Plaintiffs may file any reply no later than **January 26, 2015**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of December, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF